UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                         Case No. 12-57522

ANAN I. NASRALLA, and                  Chapter 13
NAHED I. NASRALLA,

                                                                              Judge Thomas J. Tucker

                     Debtors.
_____/

## OPINION AND ORDER DENYING THE DEBTORS'
## MOTION TO REOPEN THIS CASE

This Chapter 13 case is before the Court on the Debtors' motion, filed on August 24, 2023, entitled "Motion to Reopen a Closed Case Under LBR 5010-1" (Docket # 83, the "Motion"). The Motion seeks to reopen this case to enable the Debtors to file a certification regarding domestic support obligations, and then receive a discharge. ***The Motion was filed six and a half years after this case was closed.*** The case was closed on February 22, 2017, without a discharge as to both Debtors, due to both of the Debtors' failure to timely file "the Local Form Certification Regarding Domestic Support Obligations" (Docket # 81 ("Final Decree").) Although not stated in the Final Decree, both of the Debtors also failed to timely file a Financial Management Course Certificate, which was due no later than the last Plan payment under their confirmed Chapter 13 plan, and to date, neither of the Debtors has filed a Financial Management Course Certificate. Each of the Debtors' failure to file a Financial Management Course Certificate also prevented them from receiving a discharge.

For the following reasons, the Court will deny the Motion.

**A. Background**

With the assistance of their attorney, the Debtors filed a joint voluntary petition for relief

under Chapter 13 on July 29, 2012, commencing this case. On July 31, 2012, the Clerk issued a notice that the first meeting of creditors would be held on September 11, 2012 at 11:00 a.m. (Docket # 13, the "Notice"). On July 31, 2012, the Notice was served by the Bankruptcy Noticing Center on the Debtors' attorney, the Chapter 13 Trustee, and some of the creditors, and by email through the Court's CM/ECF system on the Chapter 13 Trustee and the Debtors' attorney. (Docket # 17). And on August 2, 2012, the Notice was served by the Bankruptcy Noticing Center by first class mail on the remainder of creditors, and directly on the Debtors at their address of record. (*Id*.).

Under Fed. R. Bankr. P. 1007(b)(7)(A),[1] 1007(c),[2] and 4004(c)(4),[3] and 11 U.S.C.

---

[1] Fed. R. Bankr. P. 1007(b)(7)(A) states the requirement for a debtor to file a Financial Management Course Certificate. It provides:

> (7) Unless an approved provider of an instructional course concerning personal financial management has notified the court that a debtor has completed the course after filing the petition:
>
> (A) An individual debtor in a chapter 7 or Chapter 13 case shall file a statement of completion of the course, prepared as prescribed by the appropriate Official Form[.]

[2] Fed. R. Bankr. P. 1007(c) provides the deadline for filing the Financial Management Course Certificate. It states, in relevant part:

> In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code, and **in a Chapter 11 or 13 case no later than the date when the last payment was made by the debtor as required by the plan** or the filing of a motion for discharge under § 1141(d)(5)(B) or § 1328(b) of the Code**.**

(Emphasis added). The Debtor did not file a motion under § 1328(b), seeking a hardship discharge.

[3] Fed. R. Bankr. P. 4004(c)(4) states, in relevant part, that "[i]n . . . a Chapter 13 case, the court shall not grant a discharge if the debtor has not filed any statement required by Rule 1007(b)(7)."

2

§ 1328(g)(1),[4] to obtain a discharge under 11 U.S.C. § 1328, each of the Debtors in this Chapter 13 case was required to file a Financial Management Course Certificate no later than the date when the last payment was made by the Debtors under their confirmed plan.

The Debtors' Chapter 13 plan was confirmed on February 13, 2013.[5] The confirmed plan provided for payments by the Debtors for 36 months, and a monthly payment of $280.17.[6] The Debtors completed all their required plan payments on November 17, 2016.[7] On December 14, 2016, the Chapter 13 Trustee filed a notice of the completion of all payments under the plan under Local Rule 2015-3(a).[8] Under E.D. Mich. LBR 4004-1, that meant that the deadline for the Debtors to file their Certification Regarding Domestic Support Obligations was January 11, 2017.[9] That also meant that under Fed. R. Bankr. P. 1007(c), quoted in footnote 2, that the

---

[4] Section 1328(g)(1) provides, in relevant part, that:

> The court shall not grant a discharge under this section to a debtor unless after filing a petition the debtor has completed an instructional course concerning personal financial management described in section 111.

[5] *See* Order Confirming Plan (Docket # 63).

[6] *See* Chapter 13 Plan (Docket # 49) at p. 1, §§ II(A) and II(B).

[7] *See* Chapter 13 Standing Trustee's Final Report and Account (Docket # 80) at 1, ¶ 5 ("The case was completed on 11/17/2016.").

[8] Docket # 59.

[9] E.D. Mich. LBR 4004-1 provides the deadline for filing a Certification Regarding Domestic Support Obligations:

> In a chapter 13 case, within 28 days after the trustee files a notice of the completion of all payments under the plan under Local Rule 2015-3(a), the debtor must file a completed form "Certification Regarding Domestic Support Obligations," available on the court's website. This certification must state whether the debtor has been the subject of any domestic support obligation and if so, whether the debtor is current in that obligation as required by § 1328(a) to obtain a discharge. The debtor

3

deadline for the Debtors to file their Financial Management Course Certificate was November 17, 2016.

The Debtors failed the file the Certification Regarding Domestic Support Obligations by the January 11, 2017 deadline. Rather, the Debtors each filed that on August 24, ***2023***, **more than 6 years and 8 months** after the deadline to do so expired and this case had been closed.

The Debtors also failed to file their Financial Management Course Certificates by the November 17, 2016 deadline, or at any time while the case remained open. To date, the Debtors have never filed those certificates. The Debtors also failed to file a motion to extend the deadline to file the Financial Management Course Certificates.

---

> must serve the certification on any domestic support obligation creditor and file a certificate of service. If the debtor fails to file this certification, the case may be closed without a discharge, without prejudice to the debtor's right to file a motion to reopen under Local Rule 5010-1 to file the certification in order to obtain a discharge.

Guideline 3 to LBR 4004-1 states: "The clerk will not issue a discharge in a chapter 13 case if the debtor has not filed a Debtor's Certification Regarding Domestic Support Obligations, as required by Local Rule 4004-1."

Section 1328(a) of the Bankruptcy Code contains the requirement that a debtor file a Certification Regarding Domestic Support Obligations in order to receive a discharge. It states:

> (a) Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt . . . .

11 U.S.C. § 1328(a).

On February 22, 2017, after the case had been fully administered, the case was closed without a discharge, due to the Debtors' failure to file "the Local Form Certification Regarding Domestic Support Obligations for discharge." (*See* Docket # 81). Notice of the Final Decree entered that day (Docket # 81) was served on the Debtors' attorney by e-mail on February 22, 2017, through the Court's ECF system. And a notice that the Debtors' bankruptcy case had been closed without a discharge was served by the Bankruptcy Noticing Center by first class mail on February 24, 2017 on all creditors not served by email, and on the Debtors. (Docket # 82). Such notice stated: "All creditors and parties in interest are notified that the above-captioned case has been closed without entry of discharge as Debtor(s) failed to comply with the Local Form Certification Regarding Domestic Support Obligations.") (*Id.*)

Six and a half years later, on August 24, 2023, the Debtors filed the present Motion (Docket # 65).

**B. Discussion**

The Motion alleges no reason whatsoever, let alone a valid excuse for the Debtors' failure to timely file their Certification Regarding Domestic Support Obligations. The Court finds that there is no valid excuse, for the Debtors' failure to timely file the Certification Regarding Domestic Support Obligations by the January 11, 2017 deadline, more than 6 years and 8 months ago; or for the Debtors' delay of six and a half years after this case was closed before they moved to reopen it.

Section 350(b) of the Bankruptcy Code, Federal Bankruptcy Rule 5010,[10] and Local

---

[10] Bankruptcy Rule 5010 states, in relevant part, that "[a] case may be reopened on motion of the debtor . . . pursuant to §350(b) of the Code." Fed. R. Bankr. P. 5010.

Bankruptcy Rule 5010-1[11] govern motions to reopen a case for the purpose of filing "a Certification Regarding Domestic Support Obligations." Bankruptcy Code Section 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Here, in essence, the Debtors seek to reopen the case to move for an order granting the Debtors a retroactive extension of time of over 6 years and 8 months to file the Certification Regarding Domestic Support Obligations, so the Debtors can obtain a discharge. The Court notes that the Debtors would also need a retroactive extension of time to file their Financial Management Course Certificates, and then file such certificates, in order to obtain a discharge in this Chapter 13 case.

"It is well settled that decisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge . . . ." *Rosinski v. Rosinski* (*In re Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985) (citations omitted). "To make the decision, courts may consider 'the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *1 (Bankr. N.D. Ohio August 22, 2016) (citation omitted). The Debtor has the burden of establishing that "cause" exists to reopen this case. *See id.* (citing *Rosinski*, 759 F.2d 539 (6th Cir. 1985)).

Bankruptcy Rule 9006(b)(3) states, in relevant part, that "the court may enlarge the time to file the statement required under Rule 1007(b)(7) [(the Financial Management Course Certificate)] . . . only to the extent and under the conditions stated in Rule 1007(c). Fed. R. Bankr. P. 9006(b)(3). Bankruptcy Rule 1007(c), in turn, permits a bankruptcy court "at any time

---

[11] Local Bankruptcy Rule 5010-1(b) states, in relevant part that "[a]fter a case is closed, a debtor seeking to file either a Certification About Financial Management Course or a Certification Regarding Domestic Support Obligations must file a motion to reopen the case." LBR 5010-1(b) (E.D. Mich.).

and in its discretion, [to] enlarge the time to file the statement required by subdivision (b)(7) [of Bankruptcy Rule 1007(c) [(namely, a Financial Management Course Certificate)]." Fed. R. Bankr. P. 1007(c). However, with an exception not applicable here, any such extension "may be granted only on motion **for cause shown** and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c) (emphasis added).

Several reported bankruptcy cases, including cases decided by the undersigned judge, have considered whether "cause" exists to grant a debtor's motion to reopen a case to file a Financial Management Course Certificate after the debtor's case was closed without a discharge. Such cases apply a four-part test, and have denied the motion where the Debtor had not completed a post-petition financial management course and filed the motion to reopen and a Financial Management Course Certificate within a relatively short time after the case was closed. The four factors that these cases have considered are: "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced." *See*, *e.g.*, *In re Barrett,* 569 B.R. 687, 690-92 (Bankr. E.D. Mich. 2017) (applying the 4-part test and denying a debtor's motion to reopen to file a Financial Management Course Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Financial Management Course Certificate until more than 8 years after the case was closed); *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *2-3 (Bankr. N.D. Ohio Aug. 22, 2016) (denying a debtor's motion to reopen to file a Financial Management Course Certificate where the debtor had not completed the post-petition financial management course and did not file the

7

12-57522-tjt    Doc 86    Filed 08/28/23    Entered 08/28/23 16:14:17    Page 7 of 13

motion to reopen and Financial Management Course Certificate until more than 7 years after the case was closed); *In re McGuiness*, No. 08-10746, 2015 WL 6395655, at *2, 4 (Bankr. D.R.I. Oct. 22, 2015) (more than 7 year delay); *In re Johnson*, 500 B.R. 594, 597 (Bankr. D. Minn. 2013) (more than 4 year delay); *cf. In re Heinbuch*, No. 06-60670, 2016 WL 1417913, *3-4 (Bankr. N.D. Ohio April 7, 2016) (approximately 7 year delay).

This Court has denied motions to reopen in numerous cases, where the delay ranged from 10 months to more than 11 and a half years. *See In re Brown*, 651 B.R. 692 (Bankr. E.D. Mich. 2023) (delay of more than a year), *In re Davenport,* 650 B.R. 861 (Bankr. E.D. Mich. 2023) (delay of more than 11 months); *In re Odoms.* 649 B.R. 11 (Bankr. E.D. Mich. 2023) (delay of more than two years)*; In re Johnson,* 643 B.R. 190 (Bankr. E.D. Mich. 2022) (delay of more than a year)*; In re Flake,* 642 B.R. 261 (Bankr. E.D. Mich. 2022) (Chapter 13 case; delay of more than 3 years)*; In re Keller*, 638 B.R. 582 (Bankr. E.D. Mich. 2022) (delay of more than 21 months); *In re Page*, 637 B.R. 1 (delay of more than 19 month); *In re Williams*, 636 B.R. 484 (Bankr. E.D. Mich. 2022) (delay of more than 20 months); *In re Lewis*, 635 B.R. 157 (delay of more than 2 years); *In re Motley,* 635 B.R. 150 (Bankr. E.D. Mich. 2022) (delay of almost 3 years); *In re Brown*, No. 19-47989, 2022 WL 24056 (Bankr. E.D. Mich. January 3, 2022) (delay of 15 months); *In re Rivera*, 628 B.R. 309 (Bankr. E.D. Mich. 2021) (delay of 2 years and 9 months)*; In re Szymanski,* 625 B.R. 875 (Bankr. E.D. Mich. 2021) (delay of more than 18 months); *In re Hendricks*, 625 B.R. 694 (Bankr. E.D. Mich. 2021) (delay of more than 14 months); *In re Smith,* 625 B.R. 41 (Bankr. E.D. Mich. 2021) (delay of almost 17 months); *In re Lemon*, 625 B.R. 47 (Bankruptcy E.D. Mich. 2021) (delay of 15 months); *In re Aziz*, 622 B.R. 694 (Bankr. E.D. Mich. 2020) (delay of four years and eight months); *In re Smith*, 620 B.R. 888

8

(Bankr. E.D. Mich. 2020)(delay of two and a half years); *In re Suell*, 619 B.R. 642 (Bankr. E.D. Mich. 2020) (delay of almost two years); *In re Raza*, 617 B.R. 290 (Bankr. E.D. Mich. 2020) (delay of 11 and a half years); *In re Locklear*, 613 B.R. 108 (Bankr. E.D. Mich. 2020) (delay of nearly 12 months); *In re Jackson*, 613 B.R. 113 (Bankr. E.D. Mich. 2020) (delay of 13 months); *In re Szczepanski,* 596 B.R. 859 (Bankr. E.D. Mich. 2019) (delay of more than 15 months); *In re Lockhart*, 582 B.R. 1 (Bankr. E.D. Mich. 2018) (delay of more than 1 year); *Barrett,* 569 B.R. at 688 (delay of more than 8 years); *In re Kessler*, 588 B.R. 191 (Bankr. E.D. Mich. 2018) (delay of 5 years); *In re Moore*, 591 B.R. 680 (Bankr. E.D. Mich. 2018) (delay of 10 months); *In re Garnett*, 579 B.R. 818, 823 (Bankr. E.D. Mich. 2018) (delay of more than 5 and one half years); *In re Rondeau*, 574 B.R. 824 (Bankr. E.D. Mich. 2017) (delay of more than 3 years); *In re Wilson*, 575 B.R. 783 (Bankr. E.D. Mich. 2017) (delay of almost 15 months); *In re Whitaker*, 574 B.R. 819 (Bankr. E.D. Mich 2017) (delay of 11 months); *In re Bragg*, 577 B.R. 265 (Bankr. E.D. Mich. 2017) (delay of almost 11 months).

The Court will apply this four-factor approach in this case, to the Debtors' failure to file the Certification Regarding Domestic Support Obligations, as well as to the Debtors' failure to file the Financial Management Course Certificates. The Court finds that the Debtors have not shown either cause to reopen this case, or cause to grant the Debtor a retroactive extension of more than three years of the deadline to file these certificates.

*Factor 1: whether there is a reasonable explanation for the failure to comply*

The Motion does not demonstrate any valid excuse for the Debtors' failure to timely file the Certification Regarding Domestic Support Obligations by the January 11, 2017 deadline, more than six years and 8 months ago. And the Motion alleges no reason whatsoever, let alone

9

any adequate or valid excuse, for the Debtors' failure to file their Financial Management Course Certificates, which were due to be filed no later than November 17, 2016. Nor does the Motion allege any reason, let along a valid excuse, for the Debtors' delay of more than six and a half years after this case was closed before they moved to reopen it.

At all times the Debtors were represented by counsel in this case. "[A] debtor cannot 'expect[ ] to receive all of the benefits of a bankruptcy filing . . . without accepting what burdens the law imposes in order to receive a discharge.'" *In re Adamson*, 615 B.R. 303, 313 (Bankr. D. Colo. 2020) (citation omitted).

Although not required to do so, the Clerk of this Court reminded the Debtors and their attorney of the requirement to file the Financial Management Course Certificates, and the deadline for doing so, in a notice filed on September 14, 2012 (Docket # 37). That notice was served on the Debtor's attorney by e-mail by the Court's ECF system on September 14, 2012, and the Bankruptcy Noticing Center mailed the notice to the Debtors on September 16, 2012. The notice stated:

> **NOTICE OF REQUIREMENT TO FILE STATEMENT OF COMPLETION OF COURSE IN PERSONAL FINANCIAL MANAGEMENT**
>
> Notice is hereby given that, subject to limited exceptions, a debtor must complete an instructional course in personal financial management in order to receive a discharge. Pursuant to Rule 1007(b)(7) of the Federal Rules of Bankruptcy Procedure, the debtor(s) must complete and file a Certification About a Financial Management Course (**Official Form 423**) as described in 11 U.S.C. § 111.
>
> Debtor(s) and/or debtor(s)' attorney is/are hereby notified that **Official Form 423** must be filed before a discharge can be entered. Debtor(s) and/or debtor(s)' attorney is/are hereby notified that in a

> chapter 13 case the debtor(s) must file **Official Form 423** no later than the date when the last payment was made by the debtor as required by the plan under § 1328(b) of the Code.
>
> **Failure to file the certification will result in the case being closed without an entry of discharge.** If the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the **Official Form 423**, the debtor(s) must pay the full reopening fee due for filing the motion.

(Docket # 37) (footnote omitted) (bold in original).

In addition, the Debtors do not allege, and cannot reasonably and credibly allege, that they did not know that they had to file the Certification Regarding Domestic Support Obligations in order to receive a discharge. The Notice of the Final Decree filed on February 24, 2017 was mailed to the Debtors, and stated that the "case has been closed without entry of discharge as Debtor(s) failed to comply with the Local Form Certification Regarding Domestic Support Obligations." (Docket # 82). And in this case, the Debtors were represented by an attorney at all times, who also received this notice, by e-mail from the Court's ECF system, on February 22, 2017.

The Motion also does not explain why the Debtors waited six and a half years after the case was closed to check on their bankruptcy case, to move to reopen the case, and to file the Certification Regarding Domestic Support Obligations, and to file their Financial Management Course Certificates. As already stated, the Debtors and their attorney were informed, by the notice on February 22, 2017, that this case had been closed without a discharge. Yet the Debtors and their attorney did nothing to try to rectify this for more than six and a half years afterwards. And the Motion alleges no valid excuse for such an extremely long delay by the Debtors. This factor weighs against granting the Motion.

*Factor 2: whether the request was timely*

The Debtors' delay here of more than six years and 8 months is far too long. The magnitude of the Debtors' delay in this case is very significant, and this factor heavily weighs against granting the Motion.

Such long delays frustrate the goals of the legislation which added the financial management course requirement as a condition for obtaining a Chapter 13 discharge. In *Chrisman*, the court stated the following, which applies as well to this Chapter 13 case:

> Congress added participation in a post-petition financial management instructional course as a condition to obtaining a Chapter 7 discharge to the Bankruptcy Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. 11 U.S.C. § 727(a)(11). One of the goals of the legislation and this requirement was to restore individual financial responsibility to the bankruptcy system.
>
> ....
>
> "The main purpose of a bankruptcy filing is to obtain a discharge, and any action that delays that benefit is mystifying and therefore requires additional justification. Justification supports the goals of not only the bankruptcy system, but also the purpose of the financial management course. Allowing a debtor to take the financial management course years after its target completion provides no educational benefit to the debtor for the intervening years and denigrates its purpose. Moreover, it maligns the integrity of the system and its fairness to all parties....It is unfair to creditors to allow a debtor to avoid the responsibilities established by the bankruptcy code and rules, only to later want to fulfill those requirements when faced with a resulting unpleasantness."

*Chrisman*, 2016 WL 4447251, at *1, *2 (quoting Heinbuch, 2016 WL 1417913, at *2). In *Chrisman*, "neither the instructional component nor the paperwork component were timely accomplished," and the court found that "[t]he Congressional purposes in adding the post-petition financial management instructional requirement to the Bankruptcy Code as a

12

12-57522-tjt    Doc 86    Filed 08/28/23    Entered 08/28/23 16:14:17    Page 12 of 13

condition of discharge [had] been completely stymied." Id. at *3.

*Factor 3: whether fault lies with counsel*

The Debtors have been represented by counsel in this case at all times, but the Debtors did not allege in the Motion that their lengthy delay was in any way the fault of their counsel. The fault was entirely the fault of the Debtors. This factor weighs against granting the Motion.

*Factor 4: whether creditors are prejudiced*

In *Chrisman*, the court reasoned, with regard to the prejudice factor, that "[t]o spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating the unknown discharge, is simply unfair." *Id.* at *3. The delay in this case is only slightly shorter than the delay in *Chrisman*, but it is still too long. Generally speaking, the longer the delay, the greater the prejudice. Here, there was a long delay. This factor, therefore, also weighs against granting the Motion. Generally speaking, the longer the delay, the greater the prejudice. Here, there was a very long delay. This factor, therefore, also weighs against granting the Motion.

In summary, all of the relevant factors weigh against a finding of cause to reopen this case. The Debtor has failed to demonstrate cause to reopen this case. Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 83) is denied.

2. The Debtors are not prohibited from filing a new bankruptcy case.

**Signed on August 28, 2023**    /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**